WISCOVICH, APPELLANT, v. REGISTRAR OF SAN GERMÁN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Possessory Title.

No. 500.—Decided March 6, 1922.

RECORD OF TITLE—POSSESSORY TITLE.—Owners without written recordable titles
may avail themselves of the proceedings prescribed by article 390 of the
Mortgage Law in order to record their rights in the registry.

ID.—ID.—CONTRADICTORY RECORD.—When the possession or ownership of a prop-
erty is recorded in the registry in the name of a person other than the ac-
tual owner, who finds it is impossible, difficult or expensive to obtain a writ-
ten recordable title from such person, the said owner may avail himself of
the means supplied by article 390 of the Mortgage Law, and in such a case
the proceedings established by article 393 of the Mortgage Law must be
followed from the beginning.

ID.—ID.—TAXES.—Although there may be a discrepancy between the facts re-
cited in a certificate issued by the Treasurer as to the payment of taxes and
the facts that must be proved according to law, if other evidence introduced
explains such discrepancy satisfactorily a record of the title in the registry
should not be refused on that ground.

ID.—ID.—In the case referred to in article 393 of the Mortgage Law, whether
the judgment is returned to the court after the registrar has found a con-
tradictory record, or whether the contradiction is established from the be-
ginning, the person in whose name the contradictory record appears should
be summoned personally, or, if dead, his heirs. When it can not be ascer-
tained who the heirs are in order to summon them personally, they should
be summoned by publication. That requirement was not complied with in
this case and for that reason the registrar's decision refusing to record the
title is affirmed.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Arturo Wiscovich instituted proceedings in the District
Court of Mayagüez to establish a possessory title to a prop-
erty of nearly two acres of land in the ward of Pedernales
of the municipality of Cabo Rojo, he having acquired the
property by purchase from Asunción Blanch on August 4,
1920, as appears from a public deed. In the petition he

stated that the reason why he resorted to the proceeding authorized by the Mortgage Law was that the property was recorded in the registry in the name of Patxot, Castelló & Company and that record was in contradiction with the actual possession of the property by the petitioner.

The proceedings having been heard, the court entered a possessory title judgment which was presented for record in the Registry of Property of San Germán and the registrar made the following decision:

"Record of the preceding judgment is denied  *  *  *  for the following reasons: 1st. It was not proved that the petitioner pays the taxes as owner, for the certificate included in the record shows that the heirs of Agustín Castelló pay the taxes on a property of two acres of land in the ward of Pedernales of Cabo Rojo and the property in question, consisting of one and nine-sixteenths acres, was acquired by the petitioner from Asunción Blanch y Camps by the said deed wherein it also appears that she acquired the property a long time ago, while she was a widow, by purchase from the mercantile partnership of Patxot, Castelló & Company, represented by its liquidator, Agustín Castelló y Busquet; therefore, it does not appear that the property is assessed or that the petitioner or any of his predecessors in interest pays the taxes thereon as owner.—2nd. While it appears from the registry that the dominion title to the property involved in the said proceedings is recorded in the name of Patxot, Castelló & Company, a business firm of Mayagüez, it is not shown that they were summoned in accordance with subdivisions 2 and 3 of article 393 of the Mortgage Law. And although the petitioner alleges that the said firm was liquidated and the liquidator appointed was its managing partner, Agustín Castelló, to whom the property was allotted, for which reason it would be sufficient to summon his supposed heirs who are mentioned in the petition, the original proceedings do not establish the death of the said Agustín Castelló or of his son, Gerardo Castelló y Camps, or that the persons summoned are the actual and sole heirs.—3rd. As the dominion title to the said property is recorded in the registry in the name of the said mercantile partnership by virtue of a public deed, the cancelation of that record ordered by the court in this case is void in law and can have no legal effect, inasmuch as it was not ordered

in the proper proceedings after hearing the said partnership or its successors in interest, or by an executory order from which there is no appeal pending, in accordance with the provisions of article 82 of the said law.''

Wiscovich took the present administrative appeal.

The first question that arises is whether a possessory title proceeding may be instituted and disposed of in the manner and with the effect with which it was done in this case.

For several reasons, when the land title and transfer system which is still in force in Porto Rico was adopted in Spain many property owners had no titles sufficient for recording their rights in the registry, and the legislators, in order to enable them to do so, established the possessory title and dominion title proceedings which have been so much resorted to and are still being availed of in this Island. See the Preamble to the Mortgage Law of 1861. 5 Morell, Mortgage Law, 437.

Article 390 of the Mortgage Law provides that ''owners who hold no written title of ownership, whatever be the period of their acquisition, * * * shall be granted the power to record their right upon proving their possession to the satisfaction of the judge * * *.'' Then it prescribes the procedure to be followed in the prosecution of the proceedings, and article 393 provides as follows:

''Art. 393.—Registrars, before recording an estate or interest by virtue of the proceedings mentioned in the last three articles, shall carefully examine the registry, in order to ascertain whether it contains any record relating to the same real property which may be totally or partially cancelled as a consequence of such record.

''If they should find a record of acquisition of ownership or possession uncancelled, which is in contradiction with the fact of the possession as established by the judicial proceedings, they shall suspend the record, enter a cautionary notice, if the person interested should request it, and forward a copy of the record to the judge who may have approved the proceedings.

''In view thereof, after citation and hearing of the persons who,

according to said entry, may have an interest in the real property, the judge shall affirm or revoke the order of approval, informing the registrar in either event of the decision rendered, in order that he may accordingly make the record or cancel the cautionary notice.''

Applying these provisions strictly to the particular case under consideration, we would have to decide, in the first place, that as the petitioner has a written dominion title, he can not resort to the supplementary means in question, and that subdivision two of article 393 presupposes that a proceeding has been prosecuted and the record thereof has been presented in the registry and returned in order to maintain the proceedings to which subdivision three of the same article refers.

But jurisprudence has so enlarged the scope of the Mortgage Law in relation to possessory title proceedings for the purpose of carrying out the intention of the legislators that it is necessary to admit that the petitioner in this case was justified in presenting his petition in the manner and form in which he did. This court has held that the words ''written title of ownership'' used in article 390, *supra,* mean ·a ''written recordable dominion title,'' and referring to article 402 of the law in force in Spain, equivalent to article 393 of our law, Martínez Moreda expresses himself as follows at pages 38 *et seq.* of volume 2 of his commentaries:

''Subdivision two of article 402 provides that registrars shall suspend the record of the possession if they find an uncancelled record of acquisition of ownership *which is in contradiction* with the fact of the possession as established by the proceedings.

''This provision is an application of the fundamental principles embodied in articles 20 and 77 of the Mortgage Law to the effect that no one can record a right which he has not acquired from the record owner, and that a record is extinguished as to third persons only by its cancellation or by the record of a transfer of the recorded right. Therefore, under these general principles the law can not permit the recording of the possession of a property in the name of a person other than the record owner.

"But article 402 applies these principles in a manner different from their general application, for it requires neither a deed of cancellation or transfer, nor an executory order, nor a mandate of the law in order that the record of a dominion title may be cancelled by the record of possession established in the judicial proceeding, and it is sufficient, according to subdivision three, that the person interested in the record of dominion, or his heirs, be summoned and given notice of the proceedings and of the record of the dominion title and if at the hearing nobody makes objection, the judge will affirm the judgment first entered and the possession shall thereupon be recorded. Inasmuch as for the affirmance of the judgment in case there is no objection, no special rules of procedure are established at present, and the proceedings are governed by the provisions regulating *ex parte* proceedings.

"We may now answer the question by saying that it will be understood that a record of dominion contradicts the fact of possession in every case, because the person seeking to record the possession is always different from the record owner, for it is logical that the latter would not institute proceedings to establish a right which he already has recorded.

"Some believe that there is no contradiction when the record owner is the person from whom the possessor alleges to have acquired the property that he seeks to record by virtue of the proceedings, and that in that case the record owner should not be heard; but this conclusion is opposed to the decisions of January 30, 1880, and June 3, 1881, which are correct because if that should be the case an opportunity for fraud would be given, inasmuch as it would be possible to record a false possession to the prejudice of the owner without hearing him.

"Consequently, this general rule may be laid down: The registrar, whenever he finds an uncancelled record of dominion in the old or new books in the name of persons different from the possessor, shall suspend making the record, as provided in subdivision two of article 402 of the law. This principle is applicable also in the event that a mere entry of presentation has been made of the title of previous date to the possessory title sought to be recorded."

After considering at length said article 402, Galindo expresses himself as follows:

"By a decision of June 5, 1893, it was held that when the person

in whose names appear the entries contradictory to the possession sought to be recorded have been heard and have manifested their acquiescence, the provisions of article 402 are fully complied with and it is not necessary that the registrar should send a copy of such entries to the court, inasmuch as the interested persons have already been heard.

"Subdivision 3 of article 402 is applicable even if it is shown that the person in whose name the ownership is recorded has died, because its provisions do not merely refer to him, but to those who may have an interest. In that event the heirs should be summoned personally, if they are known, and by publication, if not, as held in the decision of October 16, 1866, regarding persons who are absent or whose residence is unknown and who have an interest in the entry of dominion which prevents the recording of the possession." 4 Galindo, Mortgage Law, 620.

See also Morell, Mortgage Law, vol. 5, pp. 448 *et seq.*

In the case of *Toro* v. *Registrar*, 25 P. R. R. 438, it was held that article 393 of the Mortgage Law is limited to possessory title proceedings and is not applicable to dominion title proceedings.

Let us discuss now the specific questions raised by the registrar.

The first refers to the payment of taxes. The certificate exhibited speaks of a property of two acres of land situated in Pedernales, Cabo Rojo. The proceedings involve a property of one and nine-sixteenths acres situated in Pedernales, Cabo Rojo. The taxes appear to have been paid as late as 1919 to 1920 in the name of the heirs of Agustín Castelló. In the petition it is stated that Wiscovich purchased the property from Asunción Blanch in 1920 and in the deed of sale the grantor says that she acquired the property in 1902, but the deed was not executed until 1920. She purchased it from Agustín Castelló as liquidator of the mercantile partnership of Patxot, Castelló & Company. It seems that there was great neglect, explained by the fact that although the property was acquired in 1902, the deed was not executed until

1920 and then there was not sufficient time to change the name of the tax-payer in the office of the Treasurer.

For these reasons we are inclined to believe that the first defect pointed out by the registrar is baseless.

We will now consider the defects assigned as numbers two and three. Both refer to the summoning of the person in whose name the contradictory entry appears. We think that the registrar is right. Considering that article 393 has been so liberally construed and that it is admitted that the proceedings to establish the possession may serve for complying with the necessary requisites for recording the possessory title notwithstanding a prior contradictory record, the acquiescence of the person in whose name the record appears must be shown clearly, or else that he was duly summoned, and in this case there is no such showing.

The record in the registry appears, as stated, in the name of Patxot, Castelló & Company. In the possessory title judgment the judge says that the firm of Patxot, Castelló & Company was liquidated in 1889 by a public instrument, the managing partner, Agustín Castelló, taking charge of the assets and liabilities of the firm and being, therefore, its sole representative and liquidator. This deed was not included in the proceedings nor presented to the registrar. It seems that the order of the court followed the language of the petition, which was not even verified.

Taking as a basis the fact that Castelló had become the sole owner and that he had died, his heirs were cited, following the statement of the petitioner as to who they were. Nothing was presented to the court regarding this important point except the mere statement of the petitioner.

The petitioner maintains in his brief that he is not bound to produce in court the declaration of heirship. We agree to that, but when it is not possible to show properly to the court who the heirs are, either by that means or other means equally sufficient, then the mere statement of the interested

party can not be accepted and recourse must be taken to the means provided by law, that is, to summon them by publication, which was not done in this case.

By virtue of all the foregoing the decision appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.